IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ALLEN MEARS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00553 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SWVRJA HAYSI JAIL HAYSI VA,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Christopher Allen Mears, Pro Se Plaintiff.*

The plaintiff, Christopher Allen Mears, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Mears has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Complaint, I conclude that this action must be summarily dismissed.

Mears's allegations are sparse:

> SWVRJA – Haysi They are holding D.O.C. inmates 2-3 years and not letting us see eye doctor or dentist. And we are entitled to.
>
> They are charging $1.00 a day and DOC inmates are not charged that plus they will not take me to bus station when released.

Compl. 2, ECF 1. Mears states that he has filed grievances about the facts of this Complaint, and "[t]hey said they are not D.O.C." *Id.* at 1. As relief, Mears

apparently seeks transfer to a prison operated by the Virginia Department of Corrections ("VDOC").

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Mears identifies the defendant in this case as "SWVRJA Haysi Jail Haysi VA." Compl. 1, ECF No. 1. He is apparently suing the Southwest Virginia Regional Jail Authority ("SWVRJA") jail facility it operates in Haysi, Virginia. A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal

quotation marks, citation, and alteration omitted). Thus, Mears has no actionable claim against the Haysi jail facility itself.

To the extent that Mears also sues the jail authority as a defendant, his § 1983 claims also fail on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

Mears has not alleged sufficient facts to demonstrate the required elements of a claim against the jail authority. Rather, he is demanding that the jail authority follow VDOC procedures and provide services allegedly offered to inmates at VDOC facilities. He admits, however, that jail officials have told him that the Haysi facility is *not* operated by the VDOC and that its operating procedures and practices are different than the VDOC procedures. Mears has not demonstrated that Haysi jail

policies have caused a particular violation of his constitutional rights, as required to present a viable § 1983 claim.

Moreover, Mears's allegations fail to state any constitutional claim actionable under § 1983 against anyone at the jail. Mears has no constitutional right to be housed in a particular prison or prison system, regardless of differing levels of restrictions, privileges, and services. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in avoiding intrastate or interstate prison transfers); *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976) (finding that inmates had no liberty interest in avoiding transfer from medium to maximum security prison). Similarly, the fact that other facilities offer services not available to Mears at the Haysi facility does not state any actionable constitutional claim that he has been denied equal protection. *See Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions).

Furthermore, only "[d]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Mears has not stated facts indicating that he has had any serious medical need to see either the eye doctor or the dentist while confined at the Haysi jail facility.

Because Mears's § 1983 claims cannot proceed against the only defendants he has named, the SWVRJA and its Haysi jail facility, I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. Such a dismissal leaves Mears free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

An appropriate Order will enter this day.

DATED: December 29, 2021

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] The court's recognition of Mears's opportunity to amend and resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state a proper § 1983 claim against the SWVRJA or some persons employed at the jail.